Thomas A. Blythe,                     :
              Appellant          :
                                  :
         v.                     :
                                  :
Commonwealth of Pennsylvania,   :
Department of Transportation,     :   No. 834 C.D. 2016
Bureau of Driver Licensing       :   Submitted: December 30, 2016


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                HONORABLE JULIA K. HEARTHWAY, Judge
                HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE               FILED: June 1, 2017


Thomas A. Blythe (Appellant) appeals from the April 28, 2016 Order of the Court of Common Pleas of Chester County (trial court) affirming the suspension of his operating privileges by the Department of Transportation, Bureau of Driver Licensing (Department). Upon review, we affirm.

This matter arises from the arrest of Appellant on suspicion of driving under the influence. Shortly after midnight on December 14, 2014, Appellant was parked in his vehicle in the driveway of an elementary school. (Reproduced Record (R.R.) at 4-5.) He was approached and questioned by a police officer, Andrew Vattilana (Vattilana). (R.R. at 7.) On the basis of Appellant's responses, Vattilana administered five field sobriety tests, including a preliminary breath test. (R.R. at 8-11.) Vattilana determined Appellant was incapable of safely operating

his vehicle and placed him under arrest for suspicion of DUI. (R.R. at 11.) Appellant was subsequently transported to the hospital for chemical testing. (R.R. at 12.) At the hospital, Vattilana read to Appellant the contents of a Department DL-26 form.[1] *Id.* Appellant requested an attorney, at which point Vattilana reread paragraph four of the DL-26. *Id.* Appellant was then handed the form to read. *Id.* Appellant asked Vattilana questions about the form, which Vattilana reread before offering it once more to Appellant to read. Appellant again requested an attorney and said he would not consent to chemical testing. *Id.*

Appellant was escorted back to the police vehicle. (R.R. at 12.) Upon reaching the vehicle, Appellant said he would consent to testing. *Id.* After

---

[1] The Department DL-26 form provides that the officer must inform the licensee of the following information:

> (1) that the licensee is under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code;

> (2) that the licensee is requested to submit to a chemical test of a type (blood, urine, or breath) indicated by the officer;

> (3) if the licensee refuses to submit to the chemical test, the licensee's operating privileges will be suspended for at least twelve months and if the licensee previously refused a chemical test or was previously convicted of driving under the influence, the licensee will be suspended for up to eighteen months. If the licensee refuses to submit to the chemical test and is convicted of violating Section 3802(a)(1) of the Vehicle Code (related to impaired driving), then because of the refusal, the licensee will be subject to more severe penalties, the same as if the licensee was convicted of driving with the highest rate of alcohol; and,

> (4) that the licensee has the right to speak with an attorney or anyone else before deciding whether to submit to testing and if such request is made after being given these warnings or the licensee has remained silent when asked to submit to chemical testing it will constitute a refusal which results in the suspension of the licensee's operating privileges. (R.R. at 43.)

returning to the hospital, Vattilana "explained everything to [Appellant] again." *Id.* Appellant reiterated his request for an attorney and did not consent to chemical testing. *Id.* at 13.

Appellant received a Notice of Suspension from the Department, which he appealed to the trial court. Following a hearing on April 28, 2016, the trial court denied the appeal. This appeal[2] followed.

## DISCUSSION

Appellant presents one issue on appeal: whether a licensee's failure to sign a DL-26 form prior to reading the form in its entirety constitutes a refusal under Section 1547(b)(1)(i)[3] of the Vehicle Code when a licensee has orally consented to providing a blood sample.

The main thrust of Appellant's argument is that he was not provided a meaningful opportunity to submit to chemical testing and comply with the implied consent law because he was not given a meaningful opportunity to read the DL-26 form. Appellant asserts at no time did he refuse to submit to chemical testing.

---

[2] The standard of review in driver's license suspension proceedings is limited to determining whether the trial court's findings of fact are supported by substantial evidence or whether the court committed an error of law or abused its discretion. *Department of Transportation, Bureau of Driver Licensing v. Moss*, 605 A.2d 1279, 1281 (Pa. Cmwlth. 1992).

[3] (b) Suspension for refusal.--

(1) If any person placed under arrest for a violation of section 3802 is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person as follows:

(i) Except as set forth in subparagraph (ii), for a period of 12 months.

75 Pa.C.S. § 1547(b)(1)(i).

3

Citing this Court's decision in *Broadbelt v. Department of Transportation, Bureau of Driver Licensing,* 903 A.2d 636 (Pa. Cmwlth. 2006), Appellant argues meaningful opportunity includes an opportunity to read the form in its entirety and have time to consider the warnings.

To sustain a suspension of operating privileges under Section 1547 of the Vehicle Code, the Department must establish that the licensee: (1) was arrested for drunken driving by a police officer with reasonable grounds to believe the licensee operated the vehicle while under the influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to so submit; and, (4) was warned that refusal would result in a license suspension. *Broadbelt*, 903 A.2d at 640. An officer must orally inform a licensee of the consequences of refusing chemical testing for a licensee's refusal to be considered an adequately informed refusal. *Harris v. Department of Transportation, Bureau of Driver Licensing,* 969 A.2d 30, 32 (Pa. Cmwlth. 2009).

The Department presented the testimony of Vattilana, who testified he arrested Appellant on suspicion of driving under the influence after administering several field sobriety tests and determining Appellant was incapable of safe driving. (R.R. at 10.) Vattilana further testified Appellant smelled of alcohol, had bloodshot, glassy eyes, and exhibited slurred speech. *Id.* at 7. Appellant was transported to the hospital for purposes of chemical testing. *Id.* at 12. Vattilana read through and explained the DL-26 form twice. *Id.* at 12-13. Appellant twice consented and twice refused to consent to chemical testing. *Id.*

Appellant testified as follows: Once at the hospital, Vattilana handed Appellant a piece of paper and said he could "either sign this piece of paper and go home, or not sign it and go to jail." (R.R. at 30.) Appellant started to read the

4

paper and was told he had 30 seconds to finish it. *Id.* Vattilana took the paper out of Appellant's hands before he had a chance to finish it, stating, "That's it, you're going to jail." *Id.* Appellant stated he would comply and sign the paper. *Id.* Appellant tried to read the form but Vattilana took it from him and said he was "tired of wasting time," and Appellant was going to jail. *Id.* Appellant did not at any time tell Vattilana he would not consent to chemical testing. *Id.* at 31.

It is clear from the record the Department established Appellant was arrested by a police officer with reasonable grounds to believe the licensee operated the vehicle while under the influence of alcohol, and Appellant was asked to submit to a chemical test. This does not appear to be in dispute. As to whether Appellant refused to submit to chemical testing and was warned such a refusal would lead to the suspension of his operator's license, it is clear the testimonies of Appellant and Vattilana are in conflict. The resolution of questions of evidentiary weight and conflicts in testimony is solely in the province of the trial court. *Sitoski v. Department of Transportation, Bureau of Driver Licensing,* 11 A.3d 12, 17 (Pa. Cmwlth. 2010). Here, the trial court explicitly credited the testimony of Vattilana and found Appellant not credible. (R.R. at 39.) Anything less than an unqualified, unequivocal assent to submit to chemical testing constitutes a refusal. *Sitoski*, 11 A.3d at 19. The trial court found that Vattilana's testimony was sufficient to demonstrate Appellant refused to consent to chemical testing.

We will not revisit credibility determinations made by the trial court and conclude the Department met its burden to establish Appellant refused to submit to chemical testing and was warned his refusal would result in a license suspension.

5

With regard to Appellant's argument he was given no meaningful opportunity to consent because he was not given an opportunity to read the DL-26 form, there is no requirement in Section 1547 that the licensee be provided an opportunity to read the form. The duty to inform the licensee of the consequences of refusal rests solely on the officer. Section 1547 does not dictate the means or ways by which that information is imparted.

Once the Department satisfies its initial burden of proof, the burden shifts to the licensee to show he was physically unable to take the test or that the refusal was not knowing or conscious. *Sitoski*, 11 A.3d at 18. Appellant has not argued or presented facts to support a finding he was physically unable to submit to chemical testing or that his refusal was not knowing or conscious. Rather, he denies he refused to submit. Therefore, we conclude the trial court correctly found all requirements for the suspension of Appellant's driver's license were satisfied.

For these reasons, we affirm the decision below.

_____
JOSEPH M. COSGROVE, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas A. Blythe, :
               Appellant :
                :
         v. :
                :
Commonwealth of Pennsylvania, :
Department of Transportation, : No. 834 C.D. 2016
Bureau of Driver Licensing :

## O R D E R

AND NOW, this 1st day of June, 2017, the April 28, 2016 order of the Court of Common Pleas of Chester County is Affirmed.

_____
JOSEPH M. COSGROVE, Judge